PER CURIAM.
Appellant, Carlos Torres, was convicted of two counts of attempted second-degree murder. As to count one, the jury found that Torres discharged a firearm and inflicted great bodily harm on the victim who was shot when Torres fired the gun at her. As to count two, the jury found that Torres discharged a firearm when he shot at a second victim (that victim was not injured). He was sentenced to concurrent thirty-year minimum mandatory sentences for each count. Torres appeals his convictions and the thirty-year minimum mandatory sentence he received for count two, contending that the correct minimum sentence is twenty years in prison for that count.
We affirm the convictions without further discussion. As to the sentencing error regarding count two, the State concedes that the correct minimum mandatory sentence is twenty years, just as Torres contends. We note that the thirty-year sentence is correct for count one because the jury found that great bodily injury was inflicted by the gunshot wound the victim suffered when she was shot by Torres. Accordingly, we reverse the sentence regarding count two and remand for imposition of the correct minimum mandatory sentence of twenty years in prison. Because of the thirty-year sentence imposed for count one, correction of the sentence for count two will not affect the term of imprisonment, so it will not be necessary for Torres to be present at resentencing. See Johnson v. State, 899 So.2d 1283 (Fla. 5th DCA 2005).
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, COHEN and BERGER, JJ., concur.